**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cr-30066-SMY |
| | ) | |
| SEAN P. VAN HORN | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Sean P. Van Horn's Motion for Judgment of Acquittal (Doc. 72), which the Government opposes (Doc. 74).  For the following reasons, the Motion is **DENIED**.

### Background

Van Horn was charged with one count of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) (Doc. 1).  He entered a not guilty plea and proceeded to a jury trial commencing on August 9, 2021.  The Government called FBI Agent Brian Wainscott during trial and admitted into evidence the communications between Wainscott and Van Horn.  Van Horn did not testify or present evidence.  On August 10, 2021, the jury returned a verdict of guilty against Van Horn.

### Discussion

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence is "insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  "A motion for acquittal should be granted only where the evidence is insufficient to sustain a conviction."  *United States*

*v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017) (citation omitted) (internal quotation marks omitted). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the Government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)). "When challenging a conviction based on sufficiency of the evidence, a defendant bears a heavy burden that is nearly insurmountable." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)).

In order to prove Van Horn guilty of violating 18 U.S.C. § 2422(b), the Government was required to establish: (1) that he used a facility or means of interstate commerce to knowingly attempt to entice an individual to engage in sexual activity; (2) that he believed that the individual was less than 18 years of age; (3) if the suggested sexual activity had occurred, Van Horn would have committed the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law; and (4) he took a substantial step toward committing the crime of attempted enticement of a minor. *See* Doc. 67, at p. 15. Van Horn argues that the evidence of his interest in having sex with the fictitious minor "Kimi" did not satisfy any of the four elements of the charge – that the evidence did not prove that he attempted to entice "Kimi" either directly or through proxy and that there was no evidence that he attempted to entice "Kimi" through an intermediary.

Section 2422(b) prohibits not only the knowing persuasion of the minor, but also attempts to persuade, induce, entice, or coerce the minor into the criminal sexual acts. *See United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014). "The essence of this crime is the defendant's effect (or attempted effect) on the child's mind. Nothing in the statute requires the minor to be the direct recipient of the defendant's message." *Id*. The crime can be accomplished by communicating either directly with the minor or through a parent or other intermediary. *Id.* It is

sufficient for conviction if the defendant makes a "direct attempt to use the parent as an intermediary to convey the defendant's message to the child." *Id*. (citing *United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007); *United States v. Berk*, 652 F.3d 132 (1st Cir. 2011)).

At trial, Agent Wainscott testified at length about his communications with Van Horn. Wainscott adopted the fictional persona of "Brian", the father of a 10-year-old named "Kimi". Wainscott testified about the numerous chats between "Brian" and Van Horn. In addition, the jury was read and provided copies of each of the communications. Over the course of communication with Brian, Van Horn unequivocally expressed his interest in meeting and having sex with Kimi – including describing some of the specific acts that he wanted to engage in with her. Van Horn asked Brian about Kimi's sexual experiences; if she would be willing to perform certain sexual acts; whether Kimi agreed and wanted to same interactions with Van Horn; and about the potential for continuing a relationship with Kimi. Van Horn met Brian at the agreed upon location for the purpose of engaging in sexual acts with Kimi.

"It is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013). Based on the testimony at trial, any reasonable juror could find that Van Horn attempted to obtain Kimi's assent to sexual activity, by communicating with Brian. *See United States v. Roman*, 795 F.3d 511, 518 (6th Cir. 2015) (evidence sufficient where the defendant tried to achieve the minor's assent to sexual activity by asking the father if he had told the minor about the defendant, asking whether she was ready to engage in sexual acts, seeking to find out what she liked sexually, and expressing a desire that she be comfortable with him before attempting any sexual conduct with her).

In sum, viewed in the light most favorable to the Government, the evidence adduced at trial provided a reasonable basis for the jury's verdict.  Accordingly, Van Horn's motion for judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 3, 2022**

**STACI M. YANDLE**
**United States District Judge**